MATTER OF M—

In VISA PETITION Proceedings

A–12285313

*Decided by Regional Commissioner January 8, 1962*
*Approved by Assistant Commissioner January 24, 1962*

**Nonquota status—Orphans—Limitation of two to a family.**

Family which has previously brought two orphans to the United States in special nonquota status is not entitled to obtain nonquota status for third child. Controlling factor is not the number of petitions that may have been previously approved or the number of visas that may have been issued but the Congressional intent expressed in all special orphan legislation since 1953 to place a limitation of two on the number of eligible nonquota orphans that may be brought to the United States by any one family. (See, *Matter of P—*, 9—750, overruling the holding in this case.)

### BEFORE THE REGIONAL COMMISSIONER
### (January 8, 1962)

**DISCUSSION:** This matter is before me on certification for review.

The petition in this case was filed to accord the beneficiary a nonquota classification as an eligible orphan so that the petitioners may bring the orphan to the United States and adopt her in this country. The District Director in Boston, Massachusetts, denied the petition on the ground that the petitioners have previously brought two children into the United States under special legislation enacted in behalf of orphans.

The first orphan brought to the United States by the petitioners was born in Italy on June 4, 1956, and was admitted to this country under section 5 of the Refugee Relief Act of 1953. The second orphan brought to the United States by the petitioners was born in Greece on December 19, 1957, and was admitted to this country under section 4 of the Act of September 11, 1957. Following admission, these orphans were adopted by the petitioners.

Both, section 5 of the Refugee Relief Act of 1953 and section 4 of the Act of September 11, 1957, as amended, were enacted as temporary legislation and provided, in part, that:

. . . Not more than two such special nonquota immigrant visas may be issued to eligible orphans adopted or to be adopted by any one United States citizen and spouse, unless necessary to prevent the separation of brothers or sisters.

The present petition was filed on June 29, 1961. It may, therefore, be considered under section 4 of the Act of September 11, 1957, as amended (section 25(b) of the Act of September 26, 1961), or under the permanent orphan legislation contained in sections 101(b) and 205 of the Immigration and Nationality Act, as amended by the Act of September 26, 1961.

Section 205(c), as amended, provides in part that:

. . . Not more than two such petitions may be approved for one petitioner in behalf of a child as defined in section 101(b)(1) . . . (F), unless necessary to prevent the separation of brothers and sisters. . . .

The petitioners contend that under section 205(c) of the Immigration and Nationality Act, as amended, the limitation goes only to the number of petitions that may be approved and that this is only the second petition filed by them in behalf of an orphan. They point out that a petition was filed and approved for the second child but not for the first child as a petition was not required under the Refugee Relief Act of 1953.

In all special orphan legislation enacted since 1953 the Congress has placed a limitation of two on the number of orphans that could be brought to the United States by the same family as nonquota aliens. Whether the limitation is with regard to the number of visas that may be issued or the number of petitions that may be approved, the controlling factor is the intent of the Congress. That intent, in view of the legislative history, is to limit to two the number of nonquota eligible orphans that may be brought to the United States by any one family, unless necessary to prevent the separation of brothers or sisters. As such separation is not involved in this case, the petition was properly denied.

ORDER: It is ordered that the petition be denied.